IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ,<br><br>               Plaintiff,<br><br>vs.<br><br>ROD HORNSBY REAL ESTATE,<br><br>               Defendant. | 8:20CV433<br><br><br>**MEMORANDUM AND ORDER** |

       Plaintiff filed her Complaint on October 16, 2020. (Filing 1.) She has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

       Plaintiff seeks to recover $900,000 in damages for "oppression, cruelty, black mold possoining dangerous conditions, badgering." (Filing 1 at 5 (spelling as in original).)

### II. STANDARDS ON INITIAL REVIEW

       The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

       Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

As part of its initial review, this court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide. Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, …." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted).

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.*

Plaintiff's damage claim does not arise under the United States Constitution or federal statutes. Instead, Plaintiff is asserting one or more a state-law tort claims, which this court can only entertain if "diversity of citizenship" jurisdiction exists. The necessary diversity of citizenship can be between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2).

Plaintiff alleges that she and the defendant are Nebraska citizens. (Filing 4 at 3-4.) Consequently, "diversity of citizenship" jurisdiction does not exist.

## IV. CONCLUSION

This court does not have subject matter jurisdiction over any claim alleged in Plaintiff's Complaint.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. The court will enter judgment by separate document.

Dated this 22nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge